IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN FLOYD KELLY, an individual, and MARIA ANTONIO KELLY, an individual, | ) ) ) | CIVIL NO. 11-00026 JMS/KSC |
| | ) | ORDER GRANTING DEFENDANT |
| | ) | BANK OF AMERICA N.A.'S |
| Plaintiffs, | ) | MOTION TO DISMISS WITH |
| | ) | LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, a Business | ) | |
| Entity, form unknown, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS WITH LEAVE TO AMEND

## I. INTRODUCTION

On January 13, 2011, Plaintiffs Steven Floyd Kelly and Maria

Antonio Kelly ("Plaintiffs"), proceeding *pro se*, filed this action against

Defendants Bank of America ("BOA") and Countrywide Bank ("Countrywide")

alleging federal and state law claims stemming primarily from a May 27, 2008

mortgage transaction concerning real property located at 15-1859 24th Avenue,

Keaau, Hawaii (the "subject property").

Plaintiffs seek declaratory and injunctive relief, as well as damages

and rescission of the mortgage transaction.  Bank of America, N.A., successor in interest to Countrywide Bank, FSB ("Defendant" or "BOA") seeks dismissal of all counts.  For the reasons set forth below, the court GRANTS the Motion, with leave to amend as to certain counts.

## II. <u>BACKGROUND</u>

### A. **Factual Background**

The court assumes the Complaint's factual allegations are true for purposes of this Motion.  *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

According to the Complaint and documents of which the court takes judicial notice, on May 27, 2008, Plaintiffs entered into a loan repayment and security agreement with Countrywide for $153,500.  *See* Compl. ¶ 2.  Plaintiffs' claims stem from the consummation of this transaction.

Plaintiffs assert, among other things, that (1) Countrywide qualified Plaintiffs for a loan which it knew Plaintiffs were not qualified for and could not repay, and that Plaintiffs "should have been declined for this loan," *id.* ¶¶ 18; 23, 27, 30; (2) Countywide failed to verify that Plaintiffs could repay the loan; *id.* ¶¶ 20, 22, 24, 26; (3) the terms of the transaction were not clear and Countrywide never explained the transaction to them, *id.* ¶ 25; (4) the loan was more expensive

than alternative financing arrangements for which Plaintiffs were qualified, *id.* ¶ 18; and (5) Defendants charged excessive or illegal fees. *Id.* ¶ 19.

Plaintiffs assert that Countrywide failed to provide forms and disclosures required under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Equal Opportunity Credit Act; "Fair Lending/Fair Debt Collection Act"; and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Compl. ¶¶ 10, 12. Defendants and/or Countrywide allegedly "intentionally concealed the negative implications of the loan they were offering," *id.* ¶ 17, and "failed to perform their due diligence," *id.* ¶ 26, such that Plaintiffs were sold "a deceptive loan product" and the acts of deception created an illegal loan and constituted predatory lending. *Id.* ¶¶ 23-24, 35. Defendants' acts allegedly were in violation of federal and state law, including bad faith, breach of fiduciary duty, and unfair and deceptive trade practices.

## B. Procedural Background

Plaintiffs' January 13, 2011 Complaint alleges nine separate counts, entitled: "(1) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing; (2) Violations of TILA; (3) Violations of RESPA; (4) Rescission; (5) Unfair and Deceptive Acts and Practices (UDAP); (6) Breach of Fiduciary Duty; (7) Unconscionability; (8) Predatory Lending; and (9) Quiet Title."

On April 8, 2011, BOA filed its Motion to Dismiss seeking dismissal of all counts. On June 2, 2011, Plaintiffs filed an Opposition, and BOA filed a Reply on June 13, 2011. Pursuant to Local Rule 7.2(d), the court determines the Motion without a hearing.

### III.  <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual

allegations that only permit the court to infer "the mere possibility of misconduct"

do not show that the pleader is entitled to relief. *Id.* at 1950.

The court liberally construes pro se pleadings. *See Eldridge v. Block*,

832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no

amendment can cure the defect . . . a pro se litigant is entitled to notice of the

complaint's deficiencies and an opportunity to amend prior to dismissal of the

action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## B. Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments

of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

with particularity." "Rule 9(b) requires particularized allegations of the

circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541,

1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other*

*grounds by* 15 U.S.C. § 78u-4.

In their pleadings, Plaintiffs must include the time, place, and nature

of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to

satisfy this requirement. *Id.* (citation and quotation signals omitted). Where there

are multiple defendants, Plaintiffs cannot "lump multiple defendants together" and

instead must "differentiate their allegations [between defendants]." *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

## IV.  DISCUSSION

Many of the arguments raised by BOA were addressed in this court's recent Orders in *Phillips v. Bank of America*, 2011 WL 240813 (D. Haw. Jan. 21,

2011); *Mier v. Lordsman Inc.*, 2011 WL 285862 (D. Haw. Jan. 27, 2011); *Marzan v. Bank of America*, --- F. Supp. 2d ---- , 2011 WL 915574 (D. Haw. Mar. 10, 2011); and *Hoilien v. Bank of America*, 2011 WL 976699 (D. Haw. Mar. 17, 2011), regarding similar complaints.[1]  The court draws extensively from these earlier Orders.[2]

## A.    Preliminary Argument -- Failure to Make Allegations Against Particular Defendants

As an initial matter, BOA argues that the Complaint should be dismissed because it is unclear exactly what Plaintiffs are asserting that Countrywide, as opposed to BOA, did.  Def.'s Mot. at 6.  Although BOA admits that it is the successor-in-interest to Countrywide, the court agrees that the Complaint fails, for the most part, to make particular allegations as to specific Defendants and explain the relationship between BOA and Countrywide.  Indeed, none of the individual Counts of the Complaint makes any particular allegations as

---

[1] Multiple complaints have been filed with the court by pro se plaintiffs, all alleging similar causes of action and attaching a "Forensic Audit Report" by Francha Services, LLC.

[2] The Complaint also mentions the Equal Opportunity Credit Act, Compl. ¶ 21; the "Fair Lending/Fair Debt Collection Act," *id.* ¶ 10; and the Federal Trade Commission Act, *id.* ¶ 36. Plaintiffs, however, assert no claims for relief (*i.e.*, no Counts) for any alleged violations of those federal laws.  The Complaint as written therefore fails to state a claim for violations of those statutes.  *Cf. Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.") (citations omitted).

to any specific Defendant, and the general allegations of the Complaint allege certain acts by not only "Countrywide," but also "Defendants." Further, the Complaint improperly names "Bank of America" and "Countrywide" as Defendants, as opposed to their more precise, legal names of "Bank of America, N.A. (National Association)," and "Countrywide Bank, FSB." *See Stewart v. M.M. & P. Pension Plan*, 608 F.2d 776, 781 (9th Cir. 1979) (holding that where a named defendant is not a legal entity, it is incapable of being sued).

In sum, the Complaint fails to explain the relationship between BOA and Countrywide or allege claims as to particular Defendants, and therefore fails to state a claim that is plausible on its face as to any Defendant.

Accordingly, the Motion is GRANTED, without prejudice. Plaintiffs may file an Amended Complaint as otherwise permitted by this Order attempting to assert precise theories against a properly-named defendant or defendants.

## B. Individual Counts of the Complaint

Although the court dismisses the Complaint for failing to allege claims as to any particular Defendants and/or explain the relationship between Countrywide and BOA, the court proceeds to address BOA's arguments as to each particular claim so that Plaintiffs can address these issues, if possible, in an amended complaint.

8

### 1.     Count I -- Contractual Breach of Good Faith and Fair Dealing

Count I is entitled "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing."  Plaintiffs allege that every contract imposes a duty of good faith and fair dealing "in its performance and its enforcement," Compl. ¶ 39, and that Defendants "willfully breached their implied duty of good faith and fair dealing" by engaging in the acts alleged in the Complaint (such as withholding disclosures or information, and "willfully plac[ing] Plaintiff[] in a loan that [they] did not qualify for").  *Id.* ¶ 42.

This claim asserts the tort of "bad faith."  *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract).  But, although bad faith is an accepted tort where the plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based upon a mortgage loan contract.  *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in [*Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996)] requires a contractual relationship between an insurer and an insured" (citations omitted).

Moreover, although commercial contracts for "sale of goods" also

contain an obligation of good faith in their performance and enforcement, this

obligation does not create an independent cause of action. *See Stoebner Motors,*

*Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw.

2006). And Hawaii courts have noted that "[o]ther jurisdictions recognizing the

tort of bad faith . . . limit such claims to the insurance context or situations

involving special relationships characterized by elements of fiduciary

responsibility, public interest, and adhesion." *Id.* at 1037 (quoting *Francis v. Lee*

*Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999)). It is thus unlikely that

Plaintiffs could recover for bad faith as alleged in Count I.

Importantly, even assuming a bad faith tort exists outside the

insurance context, it is well-settled that "[a] party cannot breach the covenant of

good faith and fair dealing before a contract is formed." *Contreras v. Master Fin.,*

*Inc.*, 2011 WL 32513, at *3 (D. Nev. Jan. 4, 2011) (citing *Indep. Order of*

*Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998)

("[A]n implied covenant relates only to the performance under an extant contract,

and not to any pre-contract conduct.")). Hawaii follows this distinction. *See*

*Young v. Allstate Ins. Co.*, 119 Haw. 403, 427, 198 P.3d 666, 690 (2008)

(indicating the covenant of good faith does not extend to activities occurring before

consummation of an insurance contract).

Thus, because all of Count I's allegations concern pre-contract activities (failing to disclosure terms, failing to conduct proper underwriting, making an improper loan to Plaintiff), Defendants cannot be liable for bad faith. *See id.*; *see also Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely around alleged misrepresentations made before the [mortgage loan] contract was entered into, [the bad faith claim] fails as a matter of law.").

And, even if Plaintiffs are attempting to assert bad faith in the performance of a contractual right to foreclose, "a court should not 'conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing.'" *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (citation omitted). "The covenant [of good faith] does not 'impose any affirmative duty of moderation in the enforcement of legal rights.'" *Id.* (quoting *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 479-80, 261 Cal. Rptr. 735, 742 (1989)).

Accordingly, Count I is DISMISSED. Because further amendment would be futile, dismissal of Count I is without leave to amend.

///

///

### 2.     *Count II -- TILA*

BOA argues that Plaintiffs' TILA claims for damages is time-barred and Plaintiffs have not sufficiently pled a TILA claim for rescission.  The court addresses each claim in turn.

#### a.     *Damages under TILA*

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule, the limitations period starts at the consummation of the transaction.  The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*Id.*  Where the basis of equitable tolling is fraudulent concealment, it must be pled

with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

On its face, Plaintiffs' TILA claim for damages is time-barred unless equitable tolling applies -- it was brought almost three years after consummation of the loan transaction. The Complaint asserts only that the statute of limitations was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 49. Even if true, this allegation is insufficient to satisfy equitable tolling because it would establish no more than the TILA violation itself. *See, e.g.*, *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless.").

The Complaint pleads no facts indicating that any Defendant prevented Plaintiffs from discovering the alleged TILA violation or caused Plaintiffs to allow the filing deadline to pass. *See, e.g.*, *O'Donnell v. Vencor Inc.*,

466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Without any factual allegations that support the inference that Plaintiffs did not have a reasonable opportunity to discover the TILA violations, the Complaint, even when liberally construed, does not support tolling the statute of limitations. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

Accordingly, the court DISMISSES Plaintiffs' TILA claim for damages, with leave to amend.

b. *Rescission under TILA*

BOA argues that Plaintiffs' TILA claim for rescission fails because Plaintiffs fail to allege that they can tender the loan proceeds.  Def.'s Mot. at 11-12.

The Ninth Circuit has not specifically addressed the issue of whether a plaintiff must allege an ability to tender to state a TILA rescission claim, and district courts have split on this issue.  *Compare, e.g.*, *Moore v. ING Bank, FSB*, 2011 WL 1832797, at *3 (W.D. Wash. May 13, 2011) (noting that all courts in its district have required a plaintiff to plead ability to tender); *Cook v. Wells Fargo Bank*, 2010 WL 1289892, at *4 (S.D. Cal. Mar. 26, 2010) (listing cases dismissing TILA claim at pleading stage); *and Garza v. Am. Home Mortg*., 2009 WL 188604 at *5 (E.D. Cal. Jan. 27, 2009) (dismissing claim for failure to plead ability to tender); *with Woodworth v. Bank of Am., Nat'l Ass'n*, 2011 WL 1540358, at *10 (D. Or. Mar. 23, 2011) (noting that all courts in its district have rejected that a plaintiff must plead ability to tender); *Singh v. Washington Mut. Bank*, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009) (rejecting that a plaintiff must allege an ability to tender); *and Pelayo v. Home Capital Funding*, 2009 WL 1459419, at *7 (S.D. Cal. May 22, 2009) (same).  Even in this district, there is not a consensus on this issue.  *Compare Sakugawa v. Countrywide Bank F.S.B.* --- F. Supp. 2d ----,

2011 WL 572528, at *6 (D. Haw. Feb. 14, 2011) (finding that a plaintiff need not

allege an ability to tender); *and Agustin v. PNC Fin. Servs. Group*, 707 F. Supp. 2d

1080, 1090 (D. Haw. 2010) (same); *with Angel v. BAC Home Loan Servicing, LP*,

2010 WL 4386775, at *6 (D. Haw. Oct. 26, 2010).

Based upon a review of the reasoning on both sides of this issue, the

court joins those courts finding that a plaintiff need not allege an ability to tender

to assert a TILA rescission claim. The court comes to this conclusion based on

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003), which held

that where the evidence makes clear that a plaintiff lacks capacity to pay back what

she has received, the court has discretion to condition TILA rescission on a

showing of ability to tender the loan proceeds and grant summary judgment in

favor of the lender. What the evidence and particular circumstances of a particular

case establish, however, is not an appropriate inquiry at the motion to dismiss

stage. Thus, the court finds that a plaintiff need not plead an ability to tender to

state a TILA rescission claim.

Accordingly, although the TILA rescission claim is dismissed for

Plaintiffs' failure to plead claims as to particular Defendants, the court rejects

BOA's argument that Plaintiffs' claim is deficient for failure to plead an ability to

tender.

### 3.     *Count III -- RESPA*

Count III alleges a violation of RESPA.  Specifically, the Complaint alleges that (1) "the fees for this loan were . . . egregious," Compl. ¶ 60, and (2) "Defendants, and each of them, did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including but not limited to, all affiliated business arrangements."  *Id.* ¶ 61.  The Complaint, therefore, is making a RESPA claim under 12 U.S.C. § 2607, for illegal fees at closing.[3]

Initially, to the extent that Count III claims Defendants received "excessive" fees, that claim under RESPA fails as a matter of law -- § 2607 does not prohibit "excessive" fees.  *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 553-54 (9th Cir. 2010) (concluding that § 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed").

As to other aspects of § 2607, BOA asserts that a RESPA claim is time-barred and the allegations otherwise fail to state a claim upon which relief can be granted.  The court agrees that the allegations of the Complaint are wholly conclusory and fail to state a claim that is plausible on the face of the Complaint.

---

[3] Any possible claims for violations of 12 U.S.C. §§ 2603 or 2604 for failing to provide a "good faith estimate" or "uniform settlement statement" necessarily fail because there is no private cause of action for a violation of those sections.  *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010).

Further, as pled, the claim appears time-barred.

Specifically, the statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation. The one-year period applies to a claim under § 2607. Specifically, 12 U.S.C. § 2614 provides:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

Although the Ninth Circuit has not addressed the precise issue, other courts -- including this court -- have found that equitable tolling may apply to a RESPA claim. *See Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4 (D. Haw. Nov. 24, 2010) (citing cases).

As with Plaintiffs' claim for damages under TILA, Plaintiffs brought this action well past the one-year statute of limitations. Any illegal fee would have occurred in 2008; this action was filed in 2011. Moreover, the Complaint includes no allegations suggesting that equitable tolling may apply.

Accordingly, the court DISMISSES Plaintiffs' RESPA claim. The

dismissal is without leave to amend as to (1) any claim under § 2607 asserting a fee was "excessive" or otherwise for services that were actually performed, or (2) any claim under §§ 2603 or 2604. Allowing such amendments would be futile. *See Martinez*, 598 F.3d at 554, 557. Otherwise, the dismissal is with leave to amend.

### 4.   *Count IV -- Rescission*

Count IV asserts that "Plaintiffs are entitled to rescind the loan for all of the foregoing reasons:  1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices (UDAP) and 5) Public Policy Grounds, each of which provides independent grounds for relief."  Compl. ¶ 65. Generally, "[r]escission is only a remedy, not a cause of action."  *Bischoff v. Cook*, 118 Haw. 154, 163, 185 P.3d 902, 911 (Haw. App. 2008).  The remedy thus "rises or falls with [the] other claims."  *Ballard*, 2010 WL 5114952, at *8.  Indeed, as alleged here, Count IV specifically acknowledges that it is seeking rescission based upon "independent grounds for relief."

Accordingly, Count IV is DISMISSED without leave to amend.  The court addresses the merits of rescission separately, when addressing any independent claims allowing rescission.

### 5.   *Count V -- Unfair and Deceptive Acts and Practices*

Count V alleges that all Defendants are liable for Unfair and

Deceptive Acts and Practices "by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff [sic] of their home, equity, as well as their past and future investment." Compl. ¶ 72. Plaintiffs allege that Defendants "failed to undergo a diligent underwriting process," failed to disclose matters, should not have approved their loan because they could not afford it, and had "knowledge of these facts, circumstances and risks but failed to disclose them." *Id.* ¶ 70. By alleging "Unfair and Deceptive Acts and Practices," Plaintiffs are making a claim under HRS § 480-2(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.").

Without more, Plaintiffs' theory of an unfair practice does not state a claim under § 480-2. In granting summary judgment against a borrower on a § 480-2 claim, this court in *McCarty v. GCP Management, LLC*, 2010 WL 4812763 (D. Haw. Nov. 17, 2010), relied on the rule that "lenders generally owe no duty to a borrower 'not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay.'" *Id.* at *6 (quoting *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)).

And, as cited in *McCarty*, ample authority supports this proposition.

*See Sheets v. DHI Mortg. Co.*, 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan . . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006) (finding that borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan"))). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Cal. App. 1991). Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money." The claims fails on that basis alone.

Further, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity). As pled, it appears that at least some of Plaintiffs' allegations in support of her Chapter 480 claim sound in fraud .

*See* Compl. ¶ 72 (asserting that Defendants engaged in "fraudulent business practices"). But none of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1547-48. Accordingly, Plaintiffs' allegations fail to meet either Rule 8's general pleading requirement or Rule 9(b)'s particularity requirement.

Accordingly, Count V is DISMISSED with leave to amend.

### 6. Count VI -- Breach of Fiduciary Duty

Count VI alleges that Defendants owe Plaintiffs a fiduciary duty and breached that duty by failing "to advise or notify Plaintiff[s] . . . that Plaintiff[s] would or had a likelihood of defaulting on the loan." Compl. ¶ 75. Defendants also allegedly breached a fiduciary duty owed to Plaintiffs by "exercis[ing] a greater level of loyalty to each other by providing each other with financial advantages under the loan without disclosing their relation to one another[.]" *Id.* ¶ 76. Plaintiffs also allege that Defendants breached their fiduciary duty to Plaintiffs by failing "to provide material disclosures," and "fail[ing] to fully comply with TILA and RESPA." *Id.* ¶ 77-78.

These allegations fail to state a claim against Defendants. In

*McCarty*, this court set forth a myriad of caselaw for the well-settled proposition

that generally a borrower-lender relationship is not fiduciary in nature:

> Lenders generally owe no fiduciary duties to their borrowers.  *See, e.g.*, *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); *Miller v. U.S. Bank of Wash.*, 865 P.2d 536, 543 (Wash. App. 1994) ("The general rule . . . is that a lender is not a fiduciary of its borrower."); *Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 167 (Ind. App. 1998) ("A lender does not owe a fiduciary duty to a borrower absent some special circumstances."); *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting *Oaks Mgmt. Corp. v. Super. Ct.*, 51 Cal. Rptr. 3d 561 (Cal. App. 2006)); *Ellipso, Inc. v. Mann*, 541 F. Supp. 2d 365, 373 (D. D.C. 2008) ("[T]he relationship between a debtor and a creditor is ordinarily a contractual relationship . . . and is not fiduciary in nature.") (citation omitted).

*McCarty*, 2010 WL 4812763, at *5.

Given this rule, Plaintiffs fail to state a claim for breach of fiduciary

duty.[4]  As with a § 480-2 claim, nothing in the Complaint alleges "special

---

[4] Unlike lenders, brokers generally owe fiduciary duties to their clients.  *See, e.g.*, *Mortensen v. Home Loan Ctr., Inc.*, 2009 WL 113483, at *4 (D. Ariz. Jan. 16, 2009) (citing cases indicating that mortgage brokers have fiduciary duties to their clients); *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1119 (E.D. Cal. 2009) (same); *cf. Han v. Yang*, 84 Haw. 162, 172, 931 P.2d 604, 614 (Haw. App. 1997) ("A real estate broker is a fiduciary and consequently must exercise the 'utmost good faith, integrity, honesty, and loyalty,' and must diligently uphold a

(continued...)

circumstances" that might impose a fiduciary duty in this mortgage-lending situation against Defendant.  *See, e.g.*, *Shepherd v. Am. Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) ("Plaintiff cites no authority for the proposition that AHMSI or Deutsche owed a duty to not cause plaintiff harm in their capacities as servicer and [successor] to the original lender in ownership of the loan, respectively. . . .  In fact, loan servicers do not owe a duty to the borrowers of the loans they service.").

Accordingly, Count VI is DISMISSED with leave to amend.

### 7.    *Count VII -- Unconscionability*

BOA next argues that Count VII entitled  "Unconscionability -- UCC-2-3202" fails to state a claim.  Count VII asserts that courts may refuse to enforce a contract or portions of a contract that are unconscionable, Compl. ¶ 80, and courts are to give parties an opportunity to present evidence regarding a contract's "commercial setting, purpose and effect" to determine if a contract is unconscionable.  *Id.* ¶ 81.  It alleges the following facts:

> Here, based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were require[d] to

---

[4](...continued)
legally imposed duty of due care.") (citations omitted).  Because Plaintiffs do not assert any allegations establishing that any of the Defendants were acting in the capacity as a broker, the court need not determine if Plaintiffs could state a claim against a broker.

follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiff's [sic], the court may find that the loan agreement and trust deed are unconscionable and of no force or effect.

*Id.* ¶ 82.

"Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief. *See, e.g.*, *Gaitan v. Mortg. Elec. Registration Sys.*, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); *see also Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).

To the extent unconscionability can be addressed affirmatively as part of a different -- that is, independent -- cause of action, such a claim "is asserted to prevent the enforcement of a contract whose *terms* are unconscionable." *Skaggs v. HSBC Bank USA, N.A.*, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010)

(emphasis in original).[5]  *Skaggs* dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," but not any specific contractual term.  *Id.*  Likewise, Count VII fails to challenge any particular term as unconscionable in an affirmative claim where the unconscionable terms may be relevant to that particular claim.

Accordingly, Count VII is DISMISSED with leave to amend.

### 8.    *Count VIII -- Predatory Lending*

BOA also challenges Count VIII entitled "Predatory Lending."  Count VIII repeats a variety of allegations (*e.g.*, failure to disclose terms and conditions or material facts, targeting of unsophisticated persons, unfair loan terms, and improper underwriting) that form the basis of other causes of action.

Courts, however, have found that there is no common law claim for

---

[5] In *Skaggs*, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission."  2010 WL 5390127, at *3 n.2 (citing *Thompson v. AIG Haw. Ins. Co.*, 111 Haw. 413, 142 P.3d 277 (2006)).  The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action.  Even in *Thompson*, the operative complaint did not assert a separate *count* for rescission or unconscionability.  *See Thompson*, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2).  In *Thompson*, the remedy of rescission was based on an independent claim.

"predatory lending."  *See Haidar v. BAC Home Loans Servicing, LP*, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) (agreeing that "there is no cause of action for predatory lending"); *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, at *4 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending").  To the extent such "predatory" practices provide a claim for relief, they appear to be grounded in another statutory or common-law cause of action such as fraud -- the term "predatory lending" is otherwise too broad.  *See Vissuet v. Indymac Mortg. Servs.*, 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing claim for "predatory lending" with leave to amend -- agreeing that the term is expansive and fails to provide proper notice, where Defendants "are left to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination"); *see also Hambrick v. Bear Stearns Residential Mortg.*, 2008 WL 5132047, at *2 (N.D. Miss. Dec. 5, 2008) (dismissing a claim for predatory lending where plaintiffs failed to cite any "[state] or applicable federal law, precedential or statutory, creating a cause of action for 'predatory lending.'  The court is unaware of any such cause of action.").

The court finds these authorities persuasive.  Count VIII fails to state a cause of action.  The court does not mean to imply that "predatory lending" is proper and cannot form the basis of some cause of action.  But Hawaii courts have

not recognized "predatory lending" itself as a common-law cause of action, and the precise elements of such a claim are undefined. The ambiguous term "predatory lending" potentially encompasses a wide variety of types of alleged wrongdoing. Recognizing a cause of action here would thus fail to provide proper notice. *See Vissuet*, 2010 WL 1031013, at *3.

Accordingly, Count VIII is DISMISSED with leave to amend to allow an opportunity for Plaintiffs to attempt to state a cause of action based on specific activities (which others might otherwise describe as "predatory") under a recognized statutory or common-law theory.

### 9.    *Count IX  -- Quiet Title*

Count IX alleges that Defendants have "no legal or equitable right, claim, or interest in the Property," Compl. ¶ 94, and therefore Plaintiffs are entitled to a declaration that "the title to the Subject Property is vested in Plaintiff's [sic] alone[.]" *Id.* ¶ 95.

The court infers that Plaintiffs are making a claim under HRS § 669-1(a) ("[Quiet title] [a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."). The court agrees with BOA that Plaintiffs have not alleged sufficient facts regarding interests of

various parties to make out a cognizable claim for "quiet title."  Plaintiffs have merely alleged elements of § 669-1, and thus the Count fails to state a claim.  *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.).

Further, in order to assert a claim for "quiet title" against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness.  "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the deed of trust.'"  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (quoting *Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  "[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."  *Id.* (applying California law -- *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted), and *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).

Applying this law here, which the court finds persuasive, Plaintiffs have not indicated that they have paid their outstanding loan balance, much less

that they are able to do so.  In short, they fail to state a claim for quiet title.

Accordingly, Count IX is DISMISSED with leave to amend.

## C.    Plaintiffs' Opposition

Plaintiffs filed an Opposition, but it is largely unhelpful because it fails to address the specific claims of the Complaint.  Instead, the Opposition asserts new facts and claims.  Plaintiffs misunderstand the focus of a motion to dismiss -- the issue is not whether Plaintiffs have been wronged by Defendants, but rather whether the Complaint states a claim that is plausible on its face.  The court therefore rejects that Plaintiffs' Opposition raises any argument that counters the analysis above explaining why each of the claims of the Complaint must be dismissed.  The court will, however, grant Plaintiffs leave to amend the Complaint to allege a claim for fraud.  If Plaintiffs choose to file an Amended Complaint asserting a fraud claim, Plaintiffs are reminded that they must meet the heightened pleading standard of Rule 9(b).

## V.  <u>CONCLUSION</u>

The Motion is GRANTED and the Complaint is DISMISSED with leave to amend as to specific counts as explained above.

To be clear, Plaintiffs are granted leave to amend as to Counts II, III (for violating 12 U.S.C. § 2607, if equitably tolled), and V-IX.  Plaintiff may also

bring a separate claim for fraud.  But Counts I and IV are DISMISSED *without* leave to amend.

Plaintiffs are GRANTED until July 15, 2011 to file an Amended Complaint attempting to cure the identified deficiencies.  If Plaintiffs choose to file an Amended Complaint, they must clearly state how each named Defendant has injured them.  In other words, Plaintiffs should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.  Plaintiffs should not include facts that are not directly relevant to their claims.  In other words, to provide proper notice, the Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each claim to a Defendant or specific Defendants and explain how each Defendant is liable.  Failure to file an Amended Complaint by July 15, 2011 will result in automatic dismissal of this action.

Plaintiffs are also notified that an Amended Complaint supercedes the prior Complaint and must be complete in itself without reference to prior or superceded pleadings.  *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

///

///

///

(citation omitted). That is, the Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 22, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kelly et al. v. Bank of Am., N.A., et al.*, Civ. No. 11-00026 JMS/KSC, Order Granting Defendant Bank of America N.A.'s Motion to Dismiss with Leave to Amend